**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2049-WJM-MEH

SAVANT HOMES, INC.,

    Plaintiff,

v.

DOUGLAS W. COLLINS,
DOUGLAS CONSULTING, LLC, d/b/a COLLINS CUSTOM BUILDERS,
STEWART KING, d/b/a KODIAK CUSTOM DESIGN,
TAMMIE WAGNER, and
RON WAGNER,

    Defendants.

---

**ORDER GRANTING MOTIONS FOR ATTORNEYS' FEES**

---

Plaintiff Savant Homes, Inc. ("Plaintiff") brought this action against Douglas Collins, Douglas Consulting, LLC, d/b/a Collins Custom Builders (together, "Collins Defendants"), and Tammie and Ron Wagner (together, "Wagner Defendants") (collectively, "Defendants") arising out of the construction of two single-family custom homes in Larimer County, Colorado. (ECF No. 1.)[1] Before the Court is the Collins Defendants' Motion for Attorneys' Fees (ECF No. 52) and the Wagner Defendants' Motion for Attorneys' Fees (ECF No. 54). For the reasons stated below, both Motions are granted, although the Court declines to award the full amount claimed by the Collins Defendants because their counsel's affidavit in support of their Motion does not contain certain information plainly required by this District's Local Rules.

---

[1] Plaintiff also sued Stewart King, who defended himself *pro se* and is not relevant to the attorneys' fees motions at issue in this order. (*See* ECF No. 48 at 22–23.)

## I. LEGAL STANDARD

Under the Copyright Act, "the [district] court in its discretion may allow the recovery of full costs by or against any party . . . . Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  "[F]ees under Section 505 are to be awarded to prevailing parties only as a matter of the court's discretion . . . ."  *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1200 (10th Cir. 2005).  In determining whether to award fees, there are "several nonexclusive factors for the district court to consider, including frivolousness, motivation, objective unreasonableness (both in the factual and the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Id*. (internal quotation marks omitted).

## II. ANALYSIS

### A.   Objective Unreasonableness

Both the Collins Defendants and Wagner Defendants largely focus on the "objective unreasonableness" factor.  (ECF No. 52 at 4–6; ECF No. 54 at 4–7.) Objective unreasonableness is a difficult standard to apply in this context because it is listed separately from the "frivolousness" consideration and yet it is difficult to see the difference.  Indeed, some courts treat "objectively unreasonable" and "frivolous" as essentially synonymous.  *See, e.g.*, *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 234 (4th Cir. 1993) (". . . the district court should weigh the objective reasonableness of the legal and factual positions advanced.  The court may consider, for example, whether the positions advanced by the parties were frivolous, on the one hand, or

well-grounded in law and fact, on the other." (citation omitted)); *Caffey v. Cook*, 409 F. Supp. 2d 484, 509 (S.D.N.Y. 2006) ("Defendants asserted defenses and arguments that were not patently devoid of legal or factual basis so as to be considered objectively unreasonable." (internal quotation marks omitted)).

In any event, the Court cannot say that Plaintiff's position was either frivolous or objectively unreasonable. Application of the Copyright Act to architectural structures is a murky area of law, as the Court discovered while working through the various relevant cases in the process of resolving Defendants' summary judgment motions. As well-stated in *Nimmer on Copyright*, various items in the relevant statute "warrant expansion" and the "legislative history [at times] turns philosophical." 1 Melville B. Nimmer and David Nimmer, *Nimmer on Copyright* § 2.20 (Matthew Bender, rev. ed.). Accordingly, the Court will not award fees based on objective unreasonableness or frivolousness. *Cf. Jovani Fashion, Ltd. v. Cinderella Divine, Inc.*, 820 F. Supp. 2d 569, 573–74 (S.D.N.Y. 2011) (declining to award fees in a clothing-design case because "the degree to which the Copyright Act protects the design elements of clothing is a matter that has divided the courts and proven difficult to apply" (internal quotation marks omitted)).

**B.     Other Considerations**

The Court does not find the record sufficient to award fees under the other considerations outlined in *Palladium Homes* (*i.e.*, "motivation" and "the need in particular circumstances to advance considerations of compensation and deterrence"). 398 F.3d at 1200. However, the Tenth Circuit specifically states that these considerations are "nonexclusive." *Id.* The Supreme Court has ultimately left the

decision whether to award fees to this Court's "equitable discretion" so long as such discretion is exercised through considerations that are "faithful to the purposes of the Copyright Act." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 & n.19 (1994). Discussing those purposes, the Supreme Court has noted that the Copyright Act is "intended to motivate the creative activity of authors and inventors by the provision of a special reward," but its protections are also "limited in nature and must ultimately serve the public good." *Id.* at 526 (internal quotation marks omitted).

In the specific circumstances of this case, the Court finds that Plaintiff promoted no "public good" by suing these Defendants—a handful of local architects and individual homeowners—over two allegedly infringing custom homes. Rather, Savant Homes has simply imposed tens of thousands of dollars of extra expenses on these Defendants, conceivably outpacing the damages Plaintiff realistically could have recovered. On this basis, then, the Court grants Defendants' fee motions.

**C.      Distinction Between Causes of Action**

Plaintiff claims that neither group of Defendants should be awarded their full fees because this case involved causes of action beyond copyright infringement, yet Defendants' respective fee request do not break out fees incurred as to causes of action other than copyright infringement. (ECF No. 59 at 8; ECF No. 60 at 13.) The Court rejects this argument.

Apart from copyright infringement, Plaintiff pleaded claims for trade dress infringement, intentional interference with prospective business advantage, civil theft, deceptive trade practices, civil conspiracy, and declaratory judgment. (ECF No. 1 ¶¶ 54–81.) At summary judgment, Plaintiff effectively abandoned all of these claims

save for copyright and trade dress infringement. (*See* ECF No. 48 at 20.) Plaintiff's choice not to defend any other claim, and Plaintiff's approach to defending the copyright and trade dress claims, supports this Court's conclusion that all of Plaintiff's causes of action were heavily overlapping and arose out of a common set of facts. The Court accordingly will not reduce Defendants' respective fee requests for failure to break out their fees on a claim-by-claim basis. *Cf. Starrett v. Wadley*, 876 F.2d 808, 824–25 (10th Cir. 1989) ("a fee award need not be reduced merely because a plaintiff failed to prevail on every claim raised in a lawsuit, especially where, as here, the claims all arise out of a common set of facts").[2]

**D.     Amount to Award**

Savant Homes does not challenge either fee motion on grounds of unreasonably high hourly rates, an unreasonably high total request, or any similar basis. There are nonetheless certain issues this Court must consider before fixing the actual amount to award.

    1.     <u>Collins Defendants</u>

The Collins Defendants seek fees in the amount of $37,035. (ECF No. 52-1.) The Collins Defendants' counsel, however, did not take D.C.COLO.LCivR 54.3(b)(1) seriously when filing the fee motion. That local rule requires counsel's supporting affidavit to contain "a summary of relevant qualifications and experience" for each timekeeper. The affidavit from the Collins Defendants' counsel names only three

---

[2] Given this disposition, the Court need not reach the Wagner Defendants' argument that they may receive fees under the Lanham Act for defending against the trade dress infringement claim. (*See* ECF No. 54 at 9.)

timekeepers, although seven appear on the actual invoices. The affidavit also fails to contain any description of any timekeeper's qualifications and experience.

Failure to follow D.C.COLO.LCivR 54.3(b)(1) is reason enough to deny or substantially reduce a fee request. *See, e.g.*, *Walter v. HSM Receivables*, 2015 WL 2019104, at *3–4 (D. Colo. Apr. 30, 2015). Under the circumstances, however, the Court believes the appropriate step is to deny fees claimed for any timekeeper not named in counsel's affidavit (*i.e.*, timekeepers "KLC," "JLP," "KT," and "SH"). These timekeepers collectively billed $1,024. Reducing the claimed amount of $37,035 by that figure, the Collins Defendants will be awarded $36,011.

    2.    <u>Wagner Defendants</u>

The Wagner Defendants claim $67,917.25 in fees. The Court finds that the claimed amount is well supported by a proper affidavit, and that both the hourly rates and overall amount are reasonable under the circumstances. The Court will therefore award $67,917.25 in fees.

The Wagner Defendants also point to the Copyright Act's provision allowing this Court to award "full costs." (ECF No. 54 at 9 (citing 17 U.S.C. § 505).) The Wagner Defendants note that, although the Tenth Circuit has never addressed the matter, the First, Sixth, and Ninth Circuits have held that "full costs" allows compensation for items not normally allowed as taxable costs under 28 U.S.C. §§ 1821 and 1920. (*Id.* (citing *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005); *InvesSys, Inc. v. McGraw-Hill Cos., Ltd.*, 369 F.3d 16, 22 (1st Cir. 2004); and *Coles v. Wonder*, 283 F.3d 798, 803 (6th Cir. 2002)).) The Wagner Defendants therefore seek

"full costs" in the amount of $16,742.87, representing legal research charges and expert witness fees. (*Id.* at 10.)

Although the Eighth and Eleventh Circuits appear to disagree with this interpretation of "full costs," *see Artisan Contractors Ass'n, of Am., Inc. v. Frontier Ins. Co.*, 275 F.3d 1038, 1039–40 (11th Cir.2001); *Pinkham v. Camex, Inc.*, 84 F.3d 292 (8th Cir.1996), Plaintiff entirely ignores the Wagner Defendants' argument. The Court therefore deems Plaintiff to have conceded the matter. As a result solely of having effectively confessed this issue, the Court will award "full costs" in the amount claimed, $16,742.87.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Collins Defendants' Motion for Attorneys' Fees (ECF No. 52) is GRANTED. Douglas W. Collins and Douglas Consulting, LLC (d/b/a Collins Custom Builders) are AWARDED attorneys' fees in the amount of $36,011;

2. The Wagner Defendants' Motion for Attorneys' Fees (ECF No. 54) is GRANTED. Tammie Wagner and Ron Wagner are AWARDED attorneys' fees in the amount of $67,917.25 and non-taxable costs in the amount of $16,742.87, for a total of $84,660.12; and

3. The Clerk shall enter judgment accordingly.

Dated this 19th day of August, 2015.

BY THE COURT:

_____
William J. Martinez
United States District Judge